IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>PERCY EUGENE WEBSTER,<br><br>      Defendant. | 8:09CR154<br><br>MEMORANDUM AND ORDER |

  This matter is before the court after a hearing on November 7, 2016, on the defendant's motions to amend and to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Filing Nos. 82 and 87). He challenges his fifteen-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(c)(1)(A)(ii). Webster seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The decision in *Johnson* was given retroactive effect in cases on collateral review by the Supreme Court. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). This is Webster's first § 2255 motion and was filed within one year of the Supreme Court's decision in *Johnson*.[1]

---

[1] The government argues that a *Johnson* claim is not a proper vehicle for obtaining reconsideration of Webster's sentence in that *Johnson's* invalidation of the residual clause does not affect Webster's status as an armed career criminal because he was sentenced under the ACCA's enumerated clause. At the time of the defendant's sentencing there was no need to distinguish between the enumerated and residual clauses, and no need to invoke any specific clause when the court found that movant qualified as an armed career criminal. The record contains no explicit findings about which of the ACCA's three clauses qualified Webster's prior convictions as predicate felonies. Whether valid under the enumerated clause or not, Webster's Maryland burglary conviction would still have qualified as a predicate felony under the residual clause at the time of his sentencing and resentencing. Without *Johnson's* invalidation of the residual clause, Webster would not have a claim that he is not an armed career criminal. "Only with *Johnson's* invalidation of the residual clause could [movant] reasonably argue that he is no longer eligible for the ACCA enhancement." *United States v. Ladwig*, 192 F.Supp.3d 1153, 1159-1160 (E.D. Wash. June 28, 2016); *see Redd v. United States*, No. 4:16-CV-1665 CAS, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017). Because *Johnson* provides Webster with an avenue of relief that

I.    BACKGROUND

Percy Eugene Webster ("Webster") was charged in a two count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count I) and with forfeiture of the firearm under 18 U.S.C. § 924(d) (Count II). Filing No. 1, Indictment. The indictment included the allegation that Webster had previously been convicted of four felonies, each of which appeared to be a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). On September 14, 2009, the government filed an Information of Prior Convictions, again charging the four predicate ACCA convictions: (1) a 1978 Nebraska armed robbery; (2) a 1981 Maryland robbery; (3) a 1988 Maryland burglary; and (4) a 1999 federal drug conspiracy. conviction for conspiracy to distribute crack cocaine. Filing No. 29, Information of Prior Convictions.

The defendant entered a plea of guilty to the felon-in-possession and forfeiture counts pursuant to a plea agreement. Filing No. 17, Plea Agreement. Although Webster admitted committing the underlying offense, he did not admit that the ACCA was applicable. That issue was to be resolved by the court. The United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSR") which identified the four crimes set out above as predicate crimes for purposes of the ACCA. Filing No. 31, PSR (Sealed). Webster did not challenge the Nebraska robbery and drug convictions as ACCA predicates, but did object to the Maryland convictions for robbery in 1981 and burglary in 1988. Filing No. 24, Objection.

---

was not previously available to him, his motion utilizes the *Johnson* decision and therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

At the original sentencing hearing on December 21, 2009, Webster argued for a sentence at the low end of the Guidelines range, absent any career-offender enhancement. He argued that the government could not meet its burden of proof that the Maryland convictions were constitutionally valid prior convictions for purposes of the ACCA. He agreed with Probation's Guidelines calculation, which was total offense level 19 and criminal history category VI, resulting in a sentencing range of 63-78 months. Filing No. 39, Transcript ("Tr.") at 16-17. In support of the statutory enhancement, the government offered a PSR from Webster's 1999 federal conviction, to which Webster had not objected, that showed the two Maryland convictions and docket sheets from the cases resulting in the Maryland convictions. The defendant objected to those exhibits on the grounds of lack of foundation and violation of the Confrontation Clause under *Shepard v. United States,* 544 U.S. 13, 16 (2005).[2] The court sustained the defendant's objections and denied the government's motion for an enhanced sentence under the ACCA. Webster was sentenced to a term of imprisonment of 72 months, followed by three years of supervised release. He was also sentenced to a consecutive term of twenty-four months on a separate charge of violation of supervised release. Filing No. 39, Tr. at 19.

The government appealed the defendant's sentence—it challenged the court's findings with respect to the 1988 burglary conviction, but did not appeal the court's findings on the 1981 robbery conviction. The Eighth Circuit Court of Appeals ("Eighth

---

[2] In *Shepard*, the Supreme Court limited "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

3

Circuit") found the district court "erred when it concluded *Shepherd* did not allow the case history or the 1999 PSR to be used to show Webster was convicted of the 1988 Maryland burglary in daytime housebreak." *United States v. Webster*, 636 F.3d 916, 919 (8th Cir. 2011) ("*Webster I*"). Finding that the "district court's factual determination as to the existence of a conviction for a particular crime and an analysis of the statute under the formal categorical approach must precede any *Shepard* analysis," the Eighth Circuit stated that *Shepard*'s limitation of evidence is addressed "only to those situations where 'a later court [is] determining the character of' the prior conviction" and does not apply "to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted." *Id.* at 919. Further, the Appeals Court found that "any conviction under § 27-30 is a violent felony," and instructed that "if the district court finds Webster was convicted of the 1988 Maryland burglary, it should sentence Webster pursuant to the ACCA." *Id.* at 920.³ The sentence was reversed and the action was remanded for resentencing consistent with the Eighth Circuit's opinion. *Id.*

This court conducted a resentencing hearing on June 1, 2011, and June 22, 2011. Filing No. 67, Transcript. At that hearing, the defendant again offered no objection to the two Nebraska convictions as predicate felonies. The court noted that it

---

³ In making that finding, the Eighth Circuit relied solely on the language of the statute to support a conviction under subsection (a) of the 1988 Maryland burglary statute as a violent felony, stating "Title 18, United States Code, Section 924(e)(2)(B)(ii) specifically includes the crime of burglary within the definition of 'violent felony.'" *Webster I*, 636 F.3d at 920. With respect to subsection (b), the Court compared the elements to the generic crime, finding that "although subsection (b) does not declare its violators to be burglars, it is settled 'that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" *Id.* (quoting *Taylor*, 495 U.S. at 599). The Eighth Circuit explained "[a] person 'breaking a dwelling house' is engaging in an unprivileged entry of a building or structure." *Id.*

4

had earlier sustained the defendant's objection to documents supporting the 1981 robbery conviction referred to in ¶ 40 of the PSR.  Filing No. 67, Tr. at 4.  The defendant again objected to the 1981 conviction as an ACCA predicate offense.  *Id.* at 3.  The government expressly disavowed reliance on the 1981 conviction, conceding the defendant's objection to ¶ 40 of the PSR.  Government counsel stated:

> MR. WELLMAN:  As to paragraph 40, we have no argument.  When the Solicitor General authorized an appeal of this matter, they authorized us to appeal the second Maryland conviction from '88 and they said not to appeal the earlier conviction.  So that's really not at issue here.

*Id.*

The court admitted, over defendant's foundation objection, the 1988 case history (docket sheet) and the 1999 federal PSR as evidence of the 1988 burglary conviction.  *Id.* at 6.  The court afforded no weight to the 1999 PSR, reasoning that Webster had no incentive to object to it at the time.  Relying on the docket sheet, the court found by a preponderance of the evidence that the government had established the 1988 burglary conviction.  The court found the document referred to Webster's conviction for burglary multiple times and was "internally consistent with respect to" the conviction.  *Id.* at 32-33.  Finding that the evidence showed Webster had been convicted of three predicate offenses under the ACCA, and following the mandate of the Eighth Circuit, the court then sentenced Webster to the mandatory minimum sentence of fifteen years (180 months) imprisonment, to run concurrently with a sentence of twenty-four months for violation of supervised release, followed by three years of supervised release.  *Id.* at 38.  The sentence was affirmed on appeal.  *United States v. Webster*, 662 F.3d 1016 (8th Cir. 2011) ("*Webster II*").

5

The court held a hearing on the present motion on November 7, 2016. The government offered no evidence. There was some discussion at the hearing regarding the potential applicability of the 1981 robbery conviction as an ACCA predicate offense. The parties were allowed additional time for briefing. In its brief, the government states "[t]he United States further submits an evidentiary hearing will not be needed as this matter can be resolved on the basis of the record and files before the Court." Filing No. 92, Brief at 11. There is no evidence of the 1981 robbery conviction in the record. Pursuant to the Rule 55.1(g)(1) of the United States District Court for District of Nebraska Local Rules, the government acknowledged receipt of the exhibits submitted in connection with both the original sentencing and resentencing hearings. Filing No. 36, Exhibit Receipt; Filing No. 81, Amended Exhibit Receipt.[4]

## II.   LAW

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his sentence on any of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality,

---

[4] That Rule provides that within 14 days after a verdict is rendered or a judgment is entered, the offering attorney must withdraw all exhibits in the clerk's custody and must retain and preserve the exhibits in the same condition that they were in when they were offered into evidence until at least 30 days after a case's final disposition, including: (1) any appeal (2) the denial of or expiration of the time in which to file a petition for writ of certiorari and (3) the denial of or expiration of the statutory time (including any reasonably foreseeable tolling of that time) for filing a motion for postconviction relief under 28 U.S.C. § 2255, after which time they may be destroyed. *See* NECrimR 55.1(g)(1) & (2).

6

jurisdictional basis, or legality of his sentence.  See *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries that are outside the ambit of a direct appeal and which, if untreated, would result in a miscarriage of justice.  See *Poor Thunder v. United States*, 810 F.2d 817, 821–22 (8th Cir. 1987).

The ACCA imposes a fifteen-year mandatory minimum sentence on a defendant convicted under 18 U.S.C. § 922(g) when that defendant has three or more prior convictions for a "violent felony" or a "serious drug offense" or both.  18 U.S.C. § 924(e)(1).  The ACCA gives three definitions of "violent felony."  18 U.S.C. § 924(e)(2)(B).  It refers to any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i) (the "elements clause" or "force clause").[5]  It also covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The first nine words of that subsection are called the "enumerated crimes clause," and the last thirteen are called the "residual clause."  *See id.*  In *Johnson*, the Supreme Court found the residual clause unconstitutionally vague, but did not invalidate the elements clause or the enumerated crimes clause of the ACCA's definition of a violent felony.  *Johnson*, 135 S. Ct. at 2563.

"Burglary" is one of the offenses specifically enumerated as a violent felony in 18 U.S.C. § 924(e)(2)(B)(ii).  *United States v. Thornton*, 766 F.3d 875, 877 (8th Cir. 2014).

---

[5] The phrase "physical force" in § 924(e)(2)(B)(i) "means violent force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010).

7

"The Supreme Court has defined generic 'burglary' for purposes of the ACCA as 'any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" Id. (quoting Taylor v. United States, 495 U.S. 575, 599 (1990)); see also Shepard, 544 U.S. at 15–16 ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space. . . ."). The generic crime of burglary "requires an unlawful entry along the lines of breaking and entering." See Descamps v. United States, 133 S. Ct. 2276, 2285 (2013).

To determine whether a prior conviction is for a generic form of burglary as a predicate violent felony offense under the ACCA enumerated crimes clause, courts must apply a categorical approach, which focuses solely on whether the elements of the crime of conviction sufficiently match the elements of the generic offense, i.e., the elements for the crime of conviction are the same as, or narrower than, those of the generic offense, while ignoring the particular facts of the case. Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime"—the court lines up that crime's elements alongside those of the generic offense and sees if they match. Mathis, 136 S. Ct. at 2248. The key "is elements, not facts." Descamps, 133 S. Ct. at 2283 (2013).

A crime that criminalizes a broader swath of conduct than the generic offense of burglary cannot qualify as an ACCA predicate. Mathis, 136 S. Ct. at 2251. Only when the statute has the same or narrower elements as the generic crime does the prior

8

conviction count as a violent felony. See *Descamps* 133 S. Ct. at 2283. The Eighth Circuit Court of Appeals recently explained:

> Many state burglary statutes are overinclusive, that is, they define burglary more broadly than generic burglary. For example, a statute may include unlawful entry into places other than buildings, such as automobiles and vending machines. If an overinclusive statute has a "divisible" structure—defining multiple crimes by listing one or more elements in the alternative—the Court applies a "modified categorical approach" that "permits [federal] sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps,* 133 S. Ct. at 2281. However, if the statute is overinclusive and not divisible, as in *Descamps*, no prior conviction under that statute qualifies for the ACCA mandatory minimum sentence enhancement.

*United States v. Lamb*, 847 F.3d 928, 931 (8th Cir. 2017).

> In 1988, the Maryland burglary statute provided:
>
> Breaking dwelling with intent to steal or commit felony.
>
>> (a) Every person, his aiders, abettors and counsellors, who shall break and enter any dwelling house in the nighttime with the intent to steal, take or carry away the personal goods of another of any value therefrom shall be deemed a felon, and shall be guilty of the crime of burglary.
>>
>> (b) Any person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a dwelling house in the daytime with intent to commit murder or felony therein, or with intent to steal, take or carry away the personal goods of another of any value therefrom, shall be guilty of a felony, and upon conviction thereof, shall be sentenced to the penitentiary for not more than ten years.

*Webster I*, 636 F.3d at 920 (8th Cir. 2011) (quoting Md. Code Ann., Crim. Law § 27–30).

The United States Court of Appeals for the Fourth Circuit determined in 2014 that Maryland's present first-degree burglary statute encompasses "conduct that falls outside

9

the generic definition" of burglary.[6] *United States v. Henriquez*, 757 F.3d 144, 151 (4th Cir. 2014). An enclosure such as a boat or motor vehicle is excluded from the federal definition of generic burglary. *Id.* Maryland's burglary statutes have been interpreted by Maryland courts to mean that "'[t]he test as to whether or not a building is a dwelling house is whether or not it is used regularly as a place to sleep.'" *Id.* at 148 (quoting *McKenzie v. State*, 962 A.2d 998, 1003 (Md. Ct. App. 2008)). "The Maryland Court of Appeals has embraced a notion of the term 'dwelling' that renders its first degree burglary statute broader than the Supreme Court's 'generic burglary' definition." *Id.* at 149. Maryland's definition of a dwelling "expressly capture[s] recreational vehicles and easily could cover those boats and motor vehicles that people intend to use, and do use, as their dwellings." *Id.* Because it found a "'realistic probability' that Maryland 'would apply its statute to conduct that falls outside the generic definition of" burglary[,]' a Maryland conviction of first degree burglary cannot constitute a crime of violence." *Id.* at 149-151. (quoting *United States v. Perez–Perez*, 737 F.3d 950, 955 (4th Cir. 2013). Recently, the Eighth Circuit considered a Wisconsin burglary statute that provided that intentional entry into several separate specified places, including a building or dwelling, with intent to steal or commit a felony unquestionably "encompasses a broader range of conduct than generic burglary as defined in *Taylor*, such as burglary of railroad cars, ships, trucks, and motor homes." *Lamb*, 847 F.3d at 931-32 (finding that separate

---

[6] The Maryland first-degree burglary statute now provides: "[a] person may not break and enter the dwelling of another with the intent to commit theft or a crime of violence." Md. Code Ann., Crim. Law § 6–202(a). Legislative notes to the statute provide that "[t]his section is new language derived without substantive change from former Art. 27, § 29." *Id.* Another provision defines "dwelling" as follows: "Dwelling" retains its judicially determined meaning except to the extent that its meaning is expressly or impliedly changed in this subtitle." Md. Code Ann., Crim. Law § 6–201(e).

10

subsections of the statute listed the locational elements of separate burglary offenses and, under the modified categorical approach, a prior conviction for burglary of a building or dwelling was an ACCA predicate offense).

## III. DISCUSSION

### A. Analysis

The question before the court is whether the defendant's 1988 Maryland burglary conviction qualifies as "burglary" within the meaning of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii). It is clear, post-*Descamps*, that the Eighth Circuit's determination in *Webster I* in 2011 that "any conviction under [the 1988 Maryland burglary statute] is a violent felony" no longer stands up to scrutiny. The Eighth Circuit was without the benefit of cases that explained the application of the categorical and modified-categorical approaches, clarified the distinctions between divisible and indivisible criminal statutes, and refined the definition of burglary as an enumerated offense. It is now clear, as determined by the Fourth Circuit in *Henriquez*, that the statute of conviction criminalizes a broader swath of conduct than generic common-law burglary.

The court first finds that the crime of burglary for which Webster was convicted in 1988 is an indivisible statute. Though it consists of two subsections, it defines one crime. The court agrees with the Eighth Circuit's analysis on this issue—both subsections have elements that line up with the generic elements of burglary, the only distinction between the two being the time of day the crime was committed. The Eighth Circuit, however, did not address the issue of whether the Maryland burglary statute is overinclusive and applies to conduct that does not fall within the generic definition of burglary. The Fourth Circuit Court of Appeals has recently answered that question with

respect to a statute that is substantively identical to that at issue herein. In clarifying that the definition of "dwelling" includes motor homes and houseboats, Maryland courts have effectively brought the burglary statute squarely within the parameters announced in *Descamps*, *Johnson*, and *Mathis*.

Viewed through the lens of recent Supreme Court caselaw, the court finds that the elements required to prove a Maryland burglary offense are not the same as, nor are they narrower than, the elements required to prove a generic burglary. See *Mathis*, 136 S. Ct. at 2248. The Maryland burglary statute under which Webster was charged and convicted proscribed a broader range of conduct than a generic burglary offense. "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.*

Webster's underlying conviction for burglary cannot qualify as a violent felony under the now-invalidated residual clause of the Guidelines career-offender enhancement provision, nor does it qualify as the enumerated crime of generic burglary. Webster's burglary conviction thus cannot qualify as a violent felony under either the enumerated clause or the residual clause of § 924(e)(2)(b)(ii). The court finds the defendant is entitled to relief under § 2255 because, in light of *Descamps*, *Johnson*, and *Mathis*, he is serving an unauthorized sentence. Because the ACCA is inapplicable, Webster is subject to a maximum sentence of ten years under 18 U.S.C. § 924.

In resentencing a defendant who prevails on a § 2255 motion, the district court generally performs a fresh review of the 18 U.S.C. § 3553(a) factors. See *United States v. Estrada*, 777 F.3d 1318, 1323 (11th Cir. 2015) (per curiam) (ordering that, on remand

for resentencing, "the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence"); see United States v. Kirk, 636 Fed. App'x 548, 551 (11th Cir. 2016) (stating that on remand, the district court must first recalculate the defendant's advisory guidelines range and then apply the § 3553(a) factors).

There has been no challenge to the initial Guidelines calculation.  At his first sentencing, the court determined that a sentence of six years for the felon-in-possession crime, followed by two consecutive years for his violation of supervised release (totaling ninety-six months), was an appropriate sentence for Webster in consideration of the factors under 18 U.S.C. § 3553(a).  The felon-in-possession sentence was within the advisory Guidelines range of sixty-three to seventy-eight months.  In performing a fresh review of the § 3553(a) factors, the court again finds that a sentence within the advisory Guidelines range is an appropriate sentence for his felon-in-possession conviction.  The violation of supervised release is not before the court.  However, the court notes that the defendant has already served the equivalent of the twenty-four month consecutive sentence originally imposed by the court.

Webster has now been incarcerated for over ninety-two months.  Assuming credit for good time, he has already served a longer sentence than the court initially imposed.  Accordingly, the court finds the defendant should be sentenced to time served followed by a three year term of supervised release.

IT IS ORDERED that:

1. The defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Filing No. 82) is granted;

13

2. The defendant's motion to amend (Filing No. 87) is denied as moot.

3. The defendant is sentenced to time served followed by a three year term of supervised release.

4. An Amended Judgment in conformity with this Memorandum and Order will issue this date.

Dated this 8th day of March, 2017.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Senior United States District Judge